UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

____________________

No. 92-2384

UNION DE LA CONSTRUCCION 

DE CONCRETO Y EQUIPO PESADO,

Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent.

____________________

ON PETITION FOR REVIEW OF AN ORDER OF

THE NATIONAL LABOR RELATIONS BOARD

____________________

Before

 Breyer, 
Chief Judge
,

Aldrich, 
Senior Circuit Judge
,

and McAuliffe,* 
District Judge
.

____________________

Marcos A. Ramirez Lavandero
 with whom 
Pedro J. Salicrup
 was on brief for petitioner.

Martin M. Eskenazi
, Attorney, with whom 
Jerry M. Hunter
, General Counsel, 
Yvonne T. Dixon
, Acting Deputy General Counsel, 
Nicholas E. Karatinos
, Acting Associate General Counsel, 
Margery E. Lieber
, Assistant General Counsel for Special Litigation, and 
Eric G. Moskowitz
, Deputy Assistant General Counsel for Special Litigation, National Labor Relations Board, were on brief for respondent.

____________________

November 12, 1993

____________________

_____________________

*Of the District of New Hampshire, sitting by designation.

BREYER, 
Chief Judge
I.

Background

In the spring of 1991, the Construction Workers represented the Company's employees under a contract due to expire in June. In April, the Industrial Workers asked the National Labor Relations Board to hold an election so that the Company's employees could choose between the two unions. In May, the Company decided that, pending the outcome of the election, it would not bargain with the Construction Workers over a new contract.

The NLRB's Regional Director consolidated the unfair labor practice proceeding with the representation proceeding. Ultimately, an Administrative Law Judge found in the Construction Workers' favor on the unfair labor practice issue. 
See
 
RCA Del Caribe, Inc.
, 262 NLRB 963 (1982) (the filing of an election petition does not excuse an employer from continuing to bargain with the currently certified collective bargaining representative). But, he found in the Industrial Workers' favor on the second issue. That is to say, he decided that the refusal to bargain had 
not

See
 
American Federation of Labor
 v. 
NLRB
, 308 U.S. 401, 405-11 (1940).

II.

Analysis

The Board is clearly right in pointing out that we lack the legal power to review directly an NLRB determination about which union represents a group of employees. 
American Federation of Labor
Boire
 v. 
Greyhound Corp.
Pittsburgh Plate Glass Co.
 v. 
NLRB
S.D. Warren Co.
 v. 
NLRB
, 353 F.2d 494, 496 (1st Cir. 1965), 
cert. denied

Boire
American Federation of Labor
United Federation of College Teachers, Local 1460
 v. 
Miller
Lawrence Typographical Union
 v. 
McCulloch
see also
 
NLRB
 v. 
Union Nacional de Trabajadores
, 540 F.2d 1, 12-13 (1st Cir. 1976), 
cert. denied
, 429 U.S. 1039 (1977). The Construction Workers have not tried to take this route directly here, though they believe they can construct a kind of analogy that will lead to review.

The Construction Workers find an analogy by asking us to review the Board's decision 
not

See
Boire
American Federation of Labor
, 308 U.S. at 405-11.

The problem for the Construction Workers, however, is that they did not tell the Board that they wanted it to review the scope of the ALJ's "unfair labor practice" order. Rather, when they asked the Board to review the ALJ's decision, they told it that they objected: 

to the ALJ's finding that directing an election, notwithstanding the pending of an 8(a)(5) unfair labor practice charge, does not affect the laboratory condition required by law before the holding of an election

and

to the ALJ's finding that the Region's decision not to block the holding of the election did not affect its result since the employees were able to freely exercise their right to choose in the said election.

Petitioner's Appendix at 57-58. 

The Board, reading these objections, could reasonably believe that the Construction Workers were satisfied with the "unfair labor practice" results, and that they wanted the Board to review only the "representation" results. They might have thought that the Construction Workers were conceding that, if the election was proper, a bargaining order would not be appropriate. 
See
 
Celebrity Inc.
Len Martin Corp.

 v. 
NLRB
Detroit Edison Co.
 v. 
NLRB
El Gran Combo de Puerto Rico
 v. 
NLRB
, 853 F.2d 996, 1001 (1st Cir. 1988).

We add that the Construction Workers do not point to any special circumstance that could excuse their failure to raise the point before the Board, nor do they raise any particularly strong claim on the merits, nor do we see any obvious error in the ALJ's decision of the representation of the matter.

For these reasons, the petition for review is

Dismissed
.